# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
August 13, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS L. COPING,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0442** (BOR Appeal No. 2047807)
(Claim No. 2010123172)

**ELEMENTIS SPECIALTIES F/K/A RH,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas L. Coping, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Elementis Specialties F/K/A RH, by James W. Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 1, 2013, in which the Board affirmed an October 9, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 14, 2011, decision denying Mr. Coping's request for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Coping worked as a dispersion operator for Elementis Specialties. On February 6, 2010, he injured his upper back and neck. Mr. Coping came under the care of Mark S. Calfee, D.C., who found that he had pain throughout his back and neck. Lester Labus, M.D., then evaluated Mr. Coping and released him to return to work without work restrictions. Marsha Bailey, M.D., also evaluated Mr. Coping on January 13, 2011. She found that Mr. Coping had reached his maximum degree of medical improvement and could return to work without restrictions. The Office of Judges granted Mr. Coping temporary total disability benefits ending

1

on the date of Dr. Bailey's evaluation. On December 14, 2011, the claims administrator denied Mr. Coping's request for temporary total disability benefits from December 7, 2011, through January 31, 2012. Following this denial, Dr. Calfee submitted a letter to the claims administrator stating that Mr. Coping could not return to work due to a September 20, 2011, injury to his lumbar, cervical, and right groin area. On October 9, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on April 1, 2013, leading Mr. Coping to appeal.

The Office of Judges concluded that Mr. Coping was not temporarily and totally disabled due to the February 6, 2010, injury and was not entitled to additional temporary total disability benefits. The Office of Judges based this determination on the independent medical evaluation of Dr. Bailey and the prior Office of Judges' Order, which both indicated that Mr. Coping had recovered from his injuries as of January 13, 2011. The Office of Judges found that the only evidence that Mr. Coping had presented indicating that he continued to be disabled was the letter from Dr. Calfee. However, the Office of Judges determined that Dr. Calfee had attributed Mr. Coping's continuing symptoms to a September 20, 2011, intervening injury and not to the February 6, 2010, injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Coping has not demonstrated that he is entitled to any additional temporary total disability benefits related to his February 6, 2010, injury. Dr. Bailey determined that Mr. Coping had reached his maximum degree of medical improvement, and there is no evidence in the record that Mr. Coping continued to be disabled from the compensable injury following her evaluation. The evidence in the record indicates that any continuing disability Mr. Coping has suffered is related to an intervening injury and not to the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  August 13, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II